# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

_____
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: _____

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JAN 0 7 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that

_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

1/7/2013
*Date*

_____
*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Steven Cross Order of Detention

Defendant is charged in three counts of a three count indictment with Breaking or Entering a Carrier Facility, and Interstate or Foreign Shipment Theft. Defendant is thirty years old, single, and has two children, ages one and two years. His mother is in prison, and he is estranged from all of his family members, including his father and stepfather. When questioned he denied having any siblings. He claims that he resides at 8039 Olivet in Detroit, a home which he says belongs to his deceased grandmother, that he has lived there his entire life, and would return to that address if released on bond. Defendant claims to have been employed as a carpenter for the past two years, but could not provide any contact information for his alleged employer.

Defendant's stepfather was interviewed and contradicted most of the statements summarized above which were given to Pretrial Services by the Defendant. To begin with, Defendant's deceased grandmother's home was sold and according to Defendant's stepfather, Defendant would not be able to reside there. His stepfather also said that Defendant would not be welcome in his own home either because Defendant has "burned a lot of bridges due to his substance abuse". He further stated that he can think of no relative who would allow Defendant to live with them either because of his drug usage and/or other behaviors.

A family friend, Ms. Lapalm, denied that Defendant lived with her at 8052 Olivet, but stated that he would occasionally stay with her at that address. Ms. Lapalm was emphatic that Defendant would not be allowed to stay with her there if he were released on bond. Ms. Lapalm also stated that she knows the people living at 8039 Olivet and she didn't believe that Defendant would be allowed to stay there if released. Ms. Lapalm also verified that Defendant's mother is in prison, and that Defendant does have older siblings (contrary to what he told Pretrial Services), but that he has no contact with them or any family members. Ms. Lapalm also stated that the Defendant has been unemployed for the past month, and that before that he worked for a produce market. She did not verify Defendant's alleged employment as a carpenter.

Defendant's longstanding addiction to drugs is troubling. He admitted only to smoking marijuana "four or five days a week" and denied all other forms of drug usage. Defendant's stepfather advised that Defendant has been struggling with cocaine addiction for the past 15 - 16 years. In court Defendant conceded his use of cocaine and marijuana but claims that he has been clean for the past four months (cocaine) and that he last used marijuana two weeks ago and would be able to test clean in another two weeks.

Defendant's past criminal activity is outlined in detail in the Pretrial Services Report. It includes a 2003 violation of probation (warrant issued on 8/25/03), following a conviction of Larceny in a Building, with probation being extended. Then Defendant again violated his probation on 12/15/2004 and a warrant issued with further jail time ordered. In 2009 Defendant pled guilty to Cocaine Delivery/Manufacture (two counts) and FAILED TO APPEAR FOR SENTENCING on 7/7/2009. Bond was forfeited and the Defendant was sentenced to probation. Then on 1/25/2011 a warrant issued for violation of probation for ABSCONDING. Defendant was in absconder status for 18 months. On May 5, 2009 Defendant was arrested for driving a

vehicle with no operator's license and FAILED TO APPEAR at his arraignment. A warrant issued. On December 18, 2012 Defendant was indicted on the instant charges.

Defendant requests a bond with conditions, claiming that he will wear a tether and that he wants to provide for his children.

Defendant is without a residence but claims that his girlfriend's mother will allow him to live with her. The suitability of Defendant's girlfriend's mother's residence is questionable. Defendant is without any family support of any kind. He has a 15 - 16 year cocaine addiction which he has never addressed and failed to disclose when asked, in addition to a marijuana habit which is almost daily by his own admission. He has no verifiable employment. He violated probation each time he was given probation (both in 2003 and 2006), he failed to appear for sentencing after pleading guilty, and he absconded from probation in 2009 for a period of 18 months. When arrested for driving without a license he again failed to appear.

Equally problematic is the fact that Defendant was deceitful and misleading with his statements to Pretrial Services regarding his residential address, his family members, his employment and his substance abuse. He was just discharged from probation last year, having been in absconder status for the previous 18 months.

Defendant has proven himself to be a risk of flight in the past, and is deemed to be a risk of flight now, by a preponderance of the evidence. He has a long history of noncompliance, and never conformed his behavior while under supervision. Additionally he is a danger to himself and others by virtue of his cocaine and marijuana usage. His criminal history is continuing and his failures to comply with conditions of supervision are long standing.

There is no condition or combination of conditions which would assure this Defendant's appearance in this Court or the safety of the community. Therefore Detention is Ordered.